UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM MONROE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:02CV1194 HEA |
| | ) |
| GEORGE WESTFALL, et al. | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant St. Louis County's Motion for Judgment on the Pleadings, [#91], wherein St. Louis County seeks a judgment on the pleadings with regard to Defendant Howard Baker's cross-claim against it. Defendant Baker has not responded to the motion. For the reasons set forth below, St. Louis County's motion is granted.

## Facts and Background

Plaintiff, William Monroe, brings this action against Defendants, George Westfall, St. Louis County, State of Missouri, Jeremiah Jay Nixon, St. Louis County Department of Public Works, John P. Hill, Howard Baker, and J. Michael Dooley, alleging employment discrimination based on race in violation of 42 U.S.C. §§ 1981 and 1981(a). In 1997, Plaintiff, an African American, was employed as a probationary taxicab starter for the Department of Public Works of St. Louis County, Missouri.

Plaintiff's worked in his taxicab starter position at Lambert International Airport. His duties required him to select taxicab companies to transport airport customers based on an approved list and an overload list. Taxicab companies were used from the overload list when insufficient taxicabs were available from the approved list. Although the overload list contained taxicab companies owned by both whites and blacks, Plaintiff claims his immediate supervisor, Defendant Howard Baker, instructed him to start only white-owned taxicab companies from the overload list. Defendant Baker allegedly instructed Plaintiff to start only white-owned taxicab companies from the overload list because it was the preference of Defendant John Hill, another supervisor.

In August, 1997, while still in his probationary period of employment, Plaintiff was terminated from his position for a pattern of poor work performance, a charge Plaintiff denies. Plaintiff claims that he was terminated from his position based on his race and because Defendants allegedly refused to contract with Plaintiff for the taxicab starter position after his termination. Plaintiff also claims he was terminated in retaliation for refusing to "exclude African-American Black owned firms and to start only certain Caucasian White owned firms . . ." Plaintiff filed this action under 42 U.S.C. §§ 1981 and 1981(a), and charges that all named Defendants are liable for the alleged actions of Defendants Howard Baker and John Hill.

Defendants George Westfall, St. Louis County, State of Missouri, Jeremiah Jay Nixon, St. Louis County Department of Public Works, John P. Hill, and J. Michael Dooley have been dismissed pursuant to previous Court Orders handed down in this matter. Howard Baker remains as the only defendant against whom Plaintiff asserts a cause of action. Howard Baker has, in turn, filed a cross-claim against St. Louis County ("the County") seeking indemnification by the County based upon his previous employment as a taxi starter with the St. Louis County Department of Public Works. The County now moves for a judgment on the pleadings with regard to Defendant Baker's cross-claim against it.

**Standard of Review**

Rule 12(c) of the Federal Rules of Civil Procedure allows a party to move for judgment on the pleadings after the pleadings are closed but within such time as not to delay the trial. FED. R. CIV. P. 12(c). The Court applies the same standard in a 12(c) motion as that applied in a 12(b)(6) motion to dismiss. *Westcott v. Omaha,* 901 F.2d 1486, 1488 (8th Cir. 1990) (citing *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 11 (6th Cir. 1987)). That is, the Court grants the motion "'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Handeen v. Lemaire,* 112 F.3d 1339, 1347 (8th Cir. 1997) (quoting *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984)). The Court assumes "that well-pleaded factual allegations in the complaint are true 'and construe[s] the complaint, and

all reasonable inferences arising therefrom, most favorably to the pleader.'" *Westcott,* 901 F.2d at 1488 (quoting *Morton v. Becker,* 793 F.2d 185, 187 (8th Cir. 1986)). In so doing, however, the Court does not "blindly accept the legal conclusions drawn by the pleader from the facts." *Id.* The Court may grant judgment on the pleadings only if it appears beyond a doubt that non-moving party can prove no set of facts entitling it to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *St. Paul Ramsey County Med. Ctr. v. Pennington County, S.D.,* 857 F.2d 1185, 1188 (8th Cir. 1988).

## Discussion

The County claims Defendant Baker's cross-claim against it does not state any grounds upon which this Court could grant a judgment in Baker's favor with regard to indemnity. Baker pleads that "St. Louis County has failed and refused to provide [him] with a full and complete defense pursuant to its obligations to [him], as an employee of the Public Works Department of St. Louis County." The County contends Baker's cross-claim does not advise the Court of any legal reason to conclude that St. Louis County has an obligation to provide him with a full and complete defense or to indemnify him in the event a judgment is rendered against him and in favor of Plaintiff.

The County claims Baker cannot prevail against it, because Baker has not plead he is a party to a written contract of indemnity with the County. In the absence of a

<em>- 4 -</em>

written contract, the County contends, there can be no implied contracts against counties or other local governments in Missouri. This Court agrees.

Defendant Baker's cross-claim for indemnity is governed by state law and is separate from Plaintiff's claims under 42 U.S.C. § 1981. Baker contends that the County should indemnify him for Plaintiff's claims against him and argues he is entitled to such indemnification pursuant to his employment with the County Department of Public Works. Yet Baker has failed to show that a contract for indemnification existed by attaching proof of such a document to his cross-claim. Thus, it can only be assumed that Baker is asking this Court to imply a contract. Under Missouri law, all valid contracts to which a county or other local government is a party must be in writing. Mo. Rev. Stat. § 432.070. Section 432.070, which requires that such contracts must be in writing, was intended to protect the counties and was not designed to insulate individuals from liability from their own allegedly tortious acts. *Casterline v. Stuerman,* 588 S.W.2d 86, 87 (Mo. App. 1979). Thus, individual defendants, sued in their private, individual capacities, can take no benefit from the statute. *Id.*

It is undisputed that Baker was employed by the County Department of Public Works and that this employment relationship existed for a period of time prior to his departure from his position as a supervisory taxi starter. While an employment relationship may in some cases be deemed contractual under Missouri law, this is not the case where a county is the employer. Missouri case law reveals that "theories of

estoppel, ratification, or implied contract may not be advanced to circumvent [Section 432.070]." *DeMarr v. Kansas City, Mo. Sch. Dist.,* 802 S.W.2d 537, 541 (Mo. App. 1991). The requirements of Section 432.070 are mandatory and not merely directory *Id.* Furthermore, in his action against the County, Baker has failed to plead the kind of contract required by Section 432.070. Baker's cross-claim must plead: (1) there is a contract between Baker and the County; (2) the contract is in writing and dated when it was made; (3) the contract is subscribed to by the parties to the contract; (4) the contract was made within the scope of the County's powers or was expressly authorized by law; and (5) the contract was made upon a consideration wholly to be performed or executed subsequent to the making of the contract. *Id.*

Defendant Baker has failed to plead any of the above elements, and this Court cannot imply a contract for indemnification under Section 432.070. In addition, Baker's failure to respond to the County's arguments in this regard can only be construed as a concession on the merits under this Court's Local Rules. Thus, pursuant to Rule 12(c), it is clear that no relief could be granted to Defendant Baker under any set of facts that could be proved consistent with his allegations. St. Louis County's motion for judgment on the pleadings will be granted, and the Court need not address the additional arguments set forth in the County's motion.

Accordingly,

**IT IS HEREBY ORDERED** that St. Louis County's Motion for Judgment on the Pleadings, [#91], is granted.

Dated this 19th day of January, 2006.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE